[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Lawrence H. Dickson brings this action seeking to enjoin further proceedings of the defendant Statewide CT Page 2971 Grievance Committee in the matter of Ronald J. Montagna v. Lawrence Heath Dickson, #94-0653. The defendant has moved to dismiss on the grounds that the plaintiff must exhaust his administrative remedy at the Statewide Grievance Committee before applying for any relief in the Superior Court.
Dickson is an attorney licensed to practice law in Connecticut since 1988. Dickson represented the complainant Ronald J. Montagna in a wrongful discharge case filed in 1991 in the United States District Court in Connecticut. In that lawsuit, Montagna's former employer filed a motion for summary judgment, opposed by Montagna and Dickson. The motion was granted in 1992, ending the case in the employer's favor. For a number of years, Dickson did not tell Montagna that he had lost the case.
Montagna independently learned of the judgment in 1994. He filed a grievance against Dickson on January 26, 1995. On April 7, 1995, the grievance panel for the Judicial District of Hartford-New Britain found probable cause that the respondent violated Rule 1.4 of the Rules of Professional Conduct which provides, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Rules of Professional Conduct 1.4(a).
Proceedings before the local grievance panel are confidential unless waived by the respondent. Conn. Practice Book §2-32(g). Once probable cause is found, however, and the matter is referred to the Statewide Grievance Committee, all proceedings are public. Conn. Prac. Book § 2-35(c).
A public hearing was held on July 12, 1995, before a Reviewing Committee of three members of the Statewide Grievance Committee. Dickson was present with his counsel. Dickson testified under oath. The Committee reviewed certain documents and Dickson responded to questions about the documents. The hearing concluded with a statement by Assistant Bar Counsel that the Committee would issue a written proposed decision to be sent to both complainant and respondent. After such a proposed decision and a fourteen day comment period, the entire Statewide Grievance Committee was to vote and notify the parties of the final determination.
In fact, nothing happened for over three years.
In September of 1998, the plaintiff received word not that CT Page 2972 the Reviewing Committee had issued a proposed decision but rather that the Reviewing Committee had determined to add additional specifications of misconduct to the charges already pending. The plaintiff then filed this action to enjoin the defendant Statewide Grievance Committee and the three members of the Reviewing Committee from taking any further action against plaintiff the Grievance Complaint #94-0653 and any additional matters raised by the complaint on the grounds that the failure of the Committee to act in a timely fashion violated the plaintiff's right to due process, to equal protection, and to justice administered without delay.
The plaintiff has presented evidence that the delay in bringing the proceeding to a conclusion has affected his career, his income, and his emotional health. He has conceded that the delay has not affected his ability to defend the grievance.
The Statewide Grievance Committee opposes the injunction and has moved to dismiss, on the grounds that it and its Reviewing Committee must first be allowed to complete proceedings, before the Superior Court can consider affording any relief to plaintiff. In support of its position, the defendant points out that the ninety day time limit for the Reviewing Committee to take action is directory, not mandatory.[1]
When this court asked the Assistant Statewide Bar Counsel to account for the three year (now three years and seventh months) delay in the Reviewing Committee rendering a proposed decision counsel responded that the matter fell through the cracks.
The attorney grievance process is analogous to an administrative proceeding. Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 811 (1993). As in an administrative proceeding, the court should normally defer to the agency, here the Statewide Grievance Committee, to act in the first instance. In attorney grievance matters, however, the Superior Court ultimately controls "the situation and procedure, in its discretion, as the interests of justice may seem to it to require." In re Peck, 88 Conn. 447 (1914).
The court declines to dismiss the complaint. The inability of the Statewide Grievance Committee to adhere to the reasonable time limits set out in the rules has been the subject of two major Supreme Court opinions within the last ten years. StatewideGrievance Committee v. Rozbicki, 211 Conn. 232 (1989); Doe v.CT Page 2973Statewide Grievance Committee, 240 Conn. 671 (1997). In both instances the Supreme Court held that dismissal was unwarranted.
The grievance procedure set up by the Superior Court has two functions: to protect the public from misconduct by members of the bar and to afford due process to attorneys accused of misconduct These functions have been initially and properly delegated by the Superior Court to the Statewide Grievance Committee. Statewide Grievance Committee v. Presnick,215 Conn. 162 (1990) If this plaintiff has indeed engaged in misconduct, then by permitting the plaintiff to escape accountability for over three years, the Statewide Grievance Committee has failed in its duty to protect the public If the plaintiff has not engaged in misconduct, then the Committee has treated the plaintiff unfairly by allowing these charges to hang over his head for a perversely long period of time. Either way, the Statewide Grievance Committee has utterly failed in its duty. This court cannot permit this neglect to continue in this case.
The plaintiff, while not stating a case for an injunction to issue, has made a strong case for the The plaintiff, while not stating a case for an injunction to issue, has made a strong case for the exercise of supervision over the proceedings of the Statewide Grievance Committee in this matter consistent with the Practice Book Rules approved by the Judges of the Superior Court.Statewide Grievance Committee v. Rozbicki, 211 Conn. 232 (1989).
The court denies both the Motion to Dismiss and the Motion for Temporary Injunction Utilizing its inherent power to exercise supervision over the procedures to regulate the conduct of members of the bar through the attorney grievance process,Rozbicki, supra, 239, the court orders the Statewide Grievance Committee to take the necessary steps to insure that the Reviewing Committee render its proposed decision on the underlying grievance on which probable cause was found — that is, that the plaintiff violated Rule 1.4 — within sixty days from the date of this order. This order does not prohibit the Reviewing Committee from determining that additional specifications of misconduct should be added to those on which probable cause has already been found, and from taking whatever action it deems appropriate as provided by law.
The court orders that this matter be docketed for May 10, 1999, at which time the court will determine whether further supervision is necessary and will reconsider its denial of the CT Page 2974 motion to dismiss.
Patty Jenkins Pittman Judge of the Superior